IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

A.B.C. LEARNING CENTRES LIMITED, *et al.*[1]

Debtors in Foreign Proceedings

: Chapter 15
: Case No. 10-11711 (KG)
: (Jointly Administered)

Docket Ref. No. 11

---

## TEMPORARY RESTRAINING ORDER AND ORDER SCHEDULING A HEARING FOR PRELIMINARY INJUNCTION

Upon the motion (the "Motion")[2] of Mr. Peter Walker and Mr. Gregory Moloney, in their capacities as administrators (the "Petitioners") and foreign representatives of A.B.C. Learning Centres Ltd. (Administrators appointed)(Receivers and Managers appointed) ("ABC Learning") and A.B.C. USA Holdings Pty Ltd (Administrators appointed)(Receivers and Managers appointed) ("ABC Holdings" and, together with ABC Learning, the "Debtors"), who are parties in a proceeding under Australia's *Corporations Act 2001* (Cth) (the "Corporations Act"), for entry of (i) a temporary restraining order ("TRO"), (ii) an order scheduling a hearing (the "Hearing") with respect to the Petitioners' request for a preliminary injunction, and (iii) after notice and a hearing, an order granting the requested preliminary injunction; and this Court having considered the Motion, the Verified Petition, the Walker Declaration and the exhibits thereto, the Martin Declaration, and the Memorandum of Law (collectively the "Supporting

---

[1] The debtors in these jointly administered cases are A.B.C. Learning Centres Limited and A.B.C. USA Holdings Pty Ltd.

[2] Capitalized terms but not otherwise used herein shall have the meanings ascribed to them in the Motion.

Papers"), the Court finds and concludes as follows:

(a) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue in this District is proper pursuant to 28 U.S.C. § 1410.

(b) The Petitioners have demonstrated a substantial likelihood of success on the merits that the Australian Proceeding will be recognized as a foreign main proceeding and that the Petitioners are the foreign representatives of the Debtors.

(c) The commencement or continuation of any action or legal proceeding in the United States against the Debtors or any of their assets or the proceeds thereof should be enjoined pursuant to sections 105 and 1519 of the Bankruptcy Code.

(d) Absent injunctive relief, it appears to the Court that one or more parties in interest may commence or continue actions or legal proceedings against the Debtors or their assets located in the United States thereby potentially interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, and interfering and causing immediate and irreparable harm to the Petitioners' efforts to administer the Debtors' estate pursuant to the Australian Proceeding, and undermining the Petitioners' efforts to achieve an equitable distribution for the benefit of the Debtors' creditors, and as a result, the Debtors and their creditors will suffer immediate and irreparable injury for which they will have no adequate remedy at law.

(e) The relief will not cause undue hardship or any hardship to parties in interest that are not outweighed by benefits of the relief requested.

(f) The interest of the public will be served by this Court's granting of the relief requested by the Petitioners.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. All persons and entities are hereby enjoined from:

    (a) commencing or continuing any action or legal proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever), including by way of counterclaim, against the Petitioners, the Debtors or the Debtors' property or assets in the United States, or any proceeds thereof, including seeking the entry of any judgment, and seeking discovery of any nature against the Petitioners or the Debtors,

    (b) enforcing, against the Petitioners, the Debtors or the Debtors' property or assets in the United States, any judicial, quasi-judicial, administrative judgment, assessment or order, or arbitration award against the Debtors or the Debtors' property or assets in the United States, or any proceeds thereof,

    (c) taking any action to obtain possession of the Debtors' property or assets in the United States or to exercise control over the Debtors' property or assets in the United States, except as otherwise expressly authorized by the Petitioners in writing,

    (d) taking any action to create, perfect or enforce any lien against the Debtors' property or assets in the United States,

    (e) taking any action to collect, assess, enforce or recover a claim against the Debtors in the United States or in respect of the Debtors' property or assets in the United States (including, without limitation, any action in respect of or in furtherance of the Arizona Lawsuit), or

    (f) seizing, repossessing, transferring, relinquishing, encumbering or otherwise disposing of any property or assets of the Debtors in the United States, or the proceeds thereof.

2. Nothing herein shall enjoin a police or regulatory act of a governmental unit or limit or otherwise impair the rights and powers of the Receivers (as defined in the Verified Petition) with respect to the Debtors or their assets wherever located (whether inside or outside the United States), or in connection with the receivership or any other proceedings related to the Debtors.

3. The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure,

000025.1886

made applicable to this case by Bankruptcy Rule 7065, are hereby waived.

4. Objections, if any, submitted for the purpose of opposing the Petitioners' request for a Preliminary Injunction must be made in writing describing the basis therefore and the nature and extent of the respondent's interests in the Debtors' asset and property and shall be filed, if at all, by **June 4, 2010 at 4:00 p.m. (prevailing Eastern Time)** and served on Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, attn: Joel Waite, Esq. and Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York 10112, attn: Howard Seife, Esq., counsel to the Petitioners.

5. If an objection is filed, the Court shall hold a Hearing on the Petitioners' request for a Preliminary Injunction granting substantially the same relief as set forth herein through the date of entry of an Order by this Court adjudicating the Petitioners' request for recognition of the Australian Proceeding under Chapter 15 of the Bankruptcy Code on **June 9, 2010, at 3:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Return Date"), before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801.

6. If no objection to the Petitioners' request for a Preliminary Injunction is timely filed and served in accordance with this Order, no further notice and hearing is necessary and the Court may enter an Order granting such Preliminary Injunction.

7. This Order shall remain in effect pending the hearing scheduled for the Return Date.

8. Copies of this Order and the Supporting Documents shall be served upon

(a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) all entities (or their counsel) against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (c) all parties to litigation pending in the United States in which any of the Debtors are parties at the time of the filing of Debtors' Chapter 15 Petitions; (d) the United States Trustee; (e) the Debtors; (f) all parties who have requested notice, by overnight courier on or before May 28, 2010.

9. All notice requirements set forth in section 1514 of Bankruptcy Code are waived.

10. Service of this Order and the Supporting Documents in accordance with the foregoing shall constitute adequate and sufficient service and notice.

Dated: May 27, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE