# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| ABC LEARNING CENTRES LIMITED, n/k/a | ) | Case No. 10-11711 (KG) |
| ZYX LEARNING CENTRES LIMITED, | ) | (Jointly Administered) |
| & A.B.C. USA HOLDINGS PTY LIMITED | ) | |
| | ) | |
| Debtors in Foreign Proceedings. | ) | |
| _____ | ) | **Re Dkt. Nos. 133, 143, 144** |

**MEMORANDUM ORDER GRANTING, IN PART, AND RESERVING JUDGMENT, IN PART, ON THE LIQUIDATORS' MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY AND RECOGNITION ORDER AGAINST RCS CAPITAL DEVELOPMENT, LLC, AND ORDERING PAYMENT OF COSTS AND DAMAGES FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY AND RECOGNITION ORDER**

The Court has before it the Motion of the Liquidator for Entry of an Order Enforcing the Automatic Stay and Recognition Order Against RCS Capital Development, LLC and Ordering Payment of Costs and Damages for Willful Violations of the Automatic Stay and Recognition Order (the "Motion") (D.I. 133). Upon review of the pleadings, and following a hearing on October 4, 2011, it is hereby ORDERED that the Motion is GRANTED, IN PART, and the Court RESERVES JUDGMENT, IN PART, as provided below.

## JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND[1]

On May 26, 2010, the Liquidators (the "Liquidators") of ABC Learning Centres Limited's estate ("ABC Learning" or the "Debtors"), filed Chapter 15 petitions in this Court on behalf of the Debtors, seeking recognition of the Debtors' Australian administration proceedings, which were subsequently converted to liquidations (the "Liquidations") (D.I. 1). RCS Capital Development, LLC ("RCS") objected to recognition and asserted that it was improper because there were concurrent receiverships, or in the alternative, if recognition was granted, the automatic stay should not apply to assets under the control of the receivers.

Following an evidentiary hearing, the Court entered an order granting recognition to the Liquidators as the foreign representatives of the Debtors and the Liquidations as the foreign main proceedings (the "Recognition Order") (D.I. 102). *See In re ABC Learning Centres, Ltd.*, 445 B.R. 318 (Bankr. D. Del. 2010). The Recognition Order imposed the automatic stay with respect to all of the property of the Debtors within the territorial jurisdiction of the United States as mandated by Section 1520 of the Bankruptcy Code. *Id.* at 339-40.

On November 30, 2010, RCS filed the Motion of RCS Capital Development to Amend or Alter Chapter 15 Recognition Order (the "Motion to Reconsider") (D.I. 104). On January 21, 2011, the Court granted, in part, and denied in part, the Motion to Reconsider, specifically denying RCS's request to alter the automatic stay as applied to the Debtors'

---

[1] The Court addresses the background facts in greater detail in its Opinion, dated November 16, 2010. *See In re ABC Learning Centres, Ltd.*, 445 B.R. 318 (Bankr. D. Del. 2010).

liquidation proceedings (the "Order on Reconsideration") (D.I. 116). RCS appealed the Recognition Order and Order on Reconsideration, and both appeals are presently pending before the United States District Court for the District of Delaware.

## FACTS RELEVANT TO THE MOTION

On or about June 30, 2009, ABC Learning entered into a Deed of Acknowledgment with American Child Care Properties, LLC ("ACCP"). *Declaration of Peter Walker* (the "Walker Declaration") at 9 (D.I. 9); *ABC Learning Centres (USA), Inc. and American Child Care Properties, LLC's Deed of Agreement*, at CL00094 (attached as Exhibit A to RCS's Response). ABC Learning advanced $35 million (Australian) to ACCP to purchase real properties in the United States and develop and construct child care centers on the properties (the "Properties"). *Id.* After completion and satisfaction of certain conditions, ACCP was to transfer the Properties to ABC Learning. *Id.* ACCP used the advanced funds to purchase and construct child care centers on the Properties. *RCS's Response to Motion for Entry of Order to Enforce the Automatic Stay*, at 1-2. (D.I. 143). However, ACCP failed to convey the Properties to ABC Learning. *Walker Declaration* at 10; *RCS's Response to Motion for Entry of Order to Enforce the Automatic Stay,* at 1-2. Instead, ACCP conveyed the Properties to RCS, and RCS subsequently sold some of the Properties to third party purchasers (the "Nevada Transfers").[2] *Id.*

---

[2] The Nevada Transfers consist of three property conveyances. The first property was sold in March 2011, and the second and third properties were sold in June 2011.

As a result, the Debtors filed a complaint against ACCP and RCS in Nevada state court (the "Nevada Court") alleging a constructive trust over the Properties (the "Nevada Action").³ *Id.* At the same time the Debtors filed a *lis pendens* against the Properties. *Id.* RCS filed a motion to expunge the *lis pendens* which the Nevada Court denied in an order, dated September 10, 2009 (the "Lis Pendens Order"). In the Lis Pendens Order the Nevada Court also found that (1) the constructive trust claim affects the title or possession of the Properties; (2) ABC Learning would be injured by a transfer of an interest in the Properties before the Nevada Action is concluded; and (3) ABC Learning established that it was likely to prevail on the merits of the constructive trust claim. *See the Motion, Exhibit A*, at 2. Nevertheless, subsequent to the Lis Pendens Order and this Court's Recognition Order, RCS sold the Properties subject to the Debtors' *lis pendens*. *RCS's Response to Motion for Entry of Order to Enforce the Automatic Stay,* at 2.

A hearing is scheduled in the Nevada Action on November 1, 2011, when the Nevada Court will decide the rights of each party in the Properties. The Debtors are urging the Nevada Court to determine that a constructive trust exists under Nevada law.

---

³ The parties are also engaged in a second litigation in Arizona state court (the "Arizona Action") in which RCS sued the Debtors for breach of contract. RCS prosecuted that action and obtained a $47,031,574.00 jury verdict. To protect their assets, the Debtors filed the Chapter 15 petitions in this Court. In August 2011, RCS filed a substitution motion (the "Substitution Motion") seeking to substitute or join the Debtors' secured lenders as parties bound by the Arizona judgment. The Arizona state court denied the Substitution Motion on September 15, 2011. The Debtors claim that the Substitution Motion is another stay violation.

## DISCUSSION

In the *Lis Pendens* Order, the Nevada Court found that the Debtors' constructive trust claim affected title to or possession of the Properties and that the Debtors would be harmed by a transfer of an interest in the property before the conclusion of the case. The Nevada Court thereby found that there is a reasonable likelihood that the Debtors have an interest in the Properties. The harm described by the Nevada Court is the type of harm the automatic stay protects against, namely, "any act to obtain possession of property of the estate. . .or to exercise control over property of the estate. . . ." 11 U.S.C. § 362(a)(3).

The Nevada Court's findings are further supported by *In re Chestnut*, 400 B.R. 74 (N.D. Tex. 2009), *aff'd*, 356 Fed. Appx. 732 (5th Cir. 2009). In *Chestnut*, the court held that the automatic stay prevented action by a creditor against the debtor's property as long as the debtor had "a colorable basis for claiming an interest in that property." *In re Chestnut*, 400 B.R. at 82. It is not necessary at this stage that the Debtors establish an ownership interest in or title to the property and the bankruptcy court need not make that determination at the outset for the automatic stay to apply. The Nevada Court will make that determination. The relevant inquiry is whether the Debtors have arguable claims of right to the Properties, or a colorable basis for asserting an interest in the Properties. *Id.*

In this case, the Court finds holds that the Debtors clearly had a colorable claim of title at the time of the Nevada Transfers and RCS knew so. Filing the *Lis Pendens* and the Nevada Court's *Lis Pendens* Order established a colorable claim of title. The Court is not

making a determination on the merits of the Debtors' constructive trust claims or title. The Nevada Court will make those determinations at the November 1, 2011, hearing. If the Nevada Court finds that the Debtors had a constructive trust, that will vest title or rights in the Debtors.

The Court holds that there was a violation of the automatic stay because the Debtors have a colorable claim of title in the Properties, RCS had knowledge of the claim and RCS took action to impair that claim. Thus, RCS' violation was willful. The Court will reserve decision on damages until the Nevada Court adjudicates the constructive trust issue on November 1, 2011.

The Debtors are also seeking relief arising from RCS's violations of the automatic stay in the Arizona Action. The Court finds that RCS's filing of a counterclaim[4] against the Debtors and filing of the Substitution Motion[5], whether violations or not, are sufficiently immaterial and procedural in nature not to constitute willful violations of the automatic stay.

---

[4] At the October 4, 2011, hearing, RCS's counsel indicated that the "counterclaim" was part of pre-petition, originally filed pleadings in the Arizona Action. The court required RCS to refile the counter, which RCS did post-petition.

[5] As previously stated, the Arizona state court denied the Substitution Motion on September 15, 2011.

Having determined that RCS wilfully violated the automatic stay, the Court hereby GRANTS the Motion, IN PART, and RESERVES JUDGMENT, IN PART, on the issue of damages pending the submission of evidence.

SO ORDERED.

Dated: October 13, 2011

Kevin Gross, U.S.B.J.